IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RAY CHRIS MOBLEY,
          Plaintiff,

vs.                                      Case No.: 5:11cv170/SPM/EMT

OFFICER GRESCO, et al.,
          Defendants.

## ORDER and REPORT AND RECOMMENDATION

       This cause filed pursuant to Title 42 United States Code Section 1983 is presently before the court on Plaintiff's civil rights complaint (doc. 1).  Leave to proceed in forma pauperis was granted, and no initial partial filing fee was assessed (doc.  5).

       Since Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Id., 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989).  Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless."  Id. at 327, 109

S. Ct. at 1833; Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted).

Because the language of § 1915(e)(2)(B)(ii) tracks the language of FED. R. CIV. P. 12(b)(6), dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *See* Pielage v. McConnell, 516 F.3d 1282 (11th Cir. 2008); Thaeter v. Palm Beach County Sheriff's Office, 449 F.3d 1342, 1352 (11th Cir. 2006); Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). Plaintiff must allege more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and his complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964–65, 1973 n.14, 167 L. Ed. 2d 929 (2007) (declining to apply a heightened pleading standard, and abrogating Conley v. Gibson, 355 U.S. 41, 47, 78, S. Ct. 99, 2 L. Ed. 2d 80 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S. Ct. 99.)) A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008) (quoting Cottone v. Jenne, 326 F.3d 1352, 1357 (11th Cir. 2003)). Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant. Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) (citing Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1263 (11th Cir. 2004)). Upon review of Plaintiff's complaint, the court concludes that Plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. Vanderberg v. Donaldson, 259 F.3d 1321, 1323 (11th Cir. 2001).

Plaintiff is currently an inmate at the Putnam County Jail in Eatonton, Georgia. He alleges that while he was incarcerated at the Bay County Jail, he was sexually assaulted by at least two other inmates (doc. 1 at ¶ 5) and assaulted by a staff member (doc. 1 at ¶ 7). Plaintiff states that the sexual

assault was "covered up" (doc. 1 at ¶ 6).  He states that in February of 2008, he was served his morning meal by an inmate trustee who was one of the individuals who had assaulted him and that he suffered a panic attack as a result (*id*. at ¶ 9).  When he later complained to Lt. Gresco about this, she refused to do anything about it, including reporting the matter to the investigator with the Bay County Sheriff's Office who was investigating the incident (*id*. at ¶ 12).  Plaintiff filed a grievance stating that the fact one of his attackers had served him food distressed him greatly (*id.* at ¶ 13).  He later discussed the issue with Defendant "Jeniffer [sic]" (last name unknown ("LNU")) from the Warden's office and complained about his placement in "max isolation" (*id.* at ¶¶ 14–15).  Instead of being moved to general population, he was moved back to the area of the jail where the assault had taken place (*id.* at ¶ 16).  He states he has suffered more frequent nightmares as a result (*id*.).  Plaintiff asserts that Lt. Gresco obstructed justice by not reporting a crime against Plaintiff.  He further asserts that both Lt. Gresco and Jennifer LNU violated his Eighth Amendment rights and caused him "mental torture" when they placed him back in the area where the incident took place.  He seeks general damages and punitive damages for emotional distress, mental suffering, sleeplessness, and anxiety, and asks that criminal charges be filed against Lt. Gresko.

Plaintiff's claim for monetary damages for the mental anguish he claims to have suffered as a result of the alleged misconduct is prohibited by 42 U.S.C. § 1997e(e).  Title 42 U.S.C. § 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."  This is an affirmative defense, not a jurisdictional limitation.  Douglas v. Yates, 535 F.3d 1316, 1321 (11th Cir. 2008).  A complaint is subject to dismissal for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim."  Yates, 535 F.3d at 1321 (quoting Cottone, 326 F.3d at 1357)).  As the Eleventh Circuit has explained:  "[Section] 1997e(e) applies only to lawsuits involving (1) Federal civil actions (2) brought by a prisoner (3) for mental or emotional injury (4) suffered while in custody."  Napier v. Preslicka, 314 F.3d 528, 532 (11th Cir. 2002).  The Eleventh Circuit has determined that "the phrase 'Federal civil action' means all federal claims, including constitutional claims."  Napier, 314 F.3d at 532.  This § 1983 action brought by Plaintiff is a "Federal civil action" under this definition.  Further, it is undisputed that Plaintiff filed his complaint while imprisoned.  Plaintiff's complaint

alleges only "pain and suffering" and "mental and emotional stress," so as to satisfy the third predicate for the application of § 1997e(e). Finally, the harm complained of occurred while Plaintiff was in custody, so as to satisfy the fourth predicate.

Based on the foregoing, the incarcerated Plaintiff's damages claim is subject to dismissal without prejudice because he alleges no physical injury.[1] Further, he must—but has failed to—allege more than a <u>de minimis</u> physical injury.  <u>Harris v. Garner</u>, 190 F.3d 1279, 1286–87 (11th Cir. 1999) ("We therefore join the Fifth Circuit in fusing the physical injury analysis under section 1997e(e) with the framework set out by the Supreme Court in <u>Hudson [v. McMillian</u>, 503 U.S. 1, 112 S. Ct. 995, 117 L. Ed. 2d  156 (1992)] for analyzing claims brought under the Eighth Amendment for cruel and unusual punishment, and hold that in order to satisfy section 1997e(e) the physical injury must be more than <u>de minimis</u>, but need not be significant."), *reh'g granted, opinion vacated*, 197 F.3d 1059 (11th Cir. 1999), *opinion reinstated in pertinent part on reh'g*, 216 F.3d 970 (11th Cir. 2000), *cert. denied*, 532 U.S. 1065, 121 S. Ct. 2214, 150 L. Ed. 2d  208 (2001); <u>Osterback v. Ingram</u>, 2000 WL 297840, 13 Fla. L. Weekly D 133 (N.D. Fla. 2000), *aff'd,* 263 F.3d 169 (11th Cir. 2001) (Table) (holding that a prisoner plaintiff may not recover compensatory or punitive damages for mental or emotional injury without establishing that he suffered more than de minimis physical injury), *cert. denied*, 122 S. Ct. 2362, 153 L. Ed. 2d  183 (2002).  In the instant complaint, Plaintiff neither claims nor alleges facts to remotely suggest a physical injury arising from the specific conduct of the Defendants.  Consequently, he is presently prohibited by § 1997e(e) from bringing his damages claims.

Finally, Plaintiff's request that charges be brought against Lt. Gresco is not appropriately before the court because "a private citizen lacks a judicially cognizable interest in the prosecution

---

[1] The Eleventh Circuit's decision in <u>Hughes v. Lott</u>, 350 F.3d 1157 (11th Cir. 2003), does not apply here.  *Id.*, at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages); *see also* <u>Smith v. Allen</u>*,* 502 F.3d 1255, 1271 (11th Cir. 2007) (finding that nominal damages are recoverable, but that compensatory and punitive damages are precluded under PLRA).  Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests only compensatory and punitive damages. *See, e.g.,* <u>Sears v. Rabion</u>, No. 03-13558, 97 Fed. Appx. 906 (Table) (11th Cir. Feb. 18, 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages). *See also* <u>Geiger v. Jowers</u>, 404 F.3d 371, 375 (5th Cir. 2005) (physical injury requirement does not apply to claims for declaratory or injunctive relief).

Case No: 5:11cv170/SPM/EMT

or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 35 L. Ed. 2d 536 (1973); Smith v. Shook, 237 F.3d 1322 (11th Cir. 2001); Asad v. Bush, 170 Fed. Appx. 668 (11th Cir. 2006).

As Plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983 at this time, the court is satisfied that Plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim, and it should be dismissed.  Dismissal should be without prejudice, as 42 U.S.C. § 1997e(e) would not preclude Plaintiff from pursuing a claim for mental and emotional stress, if appropriate and otherwise legally permissible, upon his release.

Accordingly, it is **ORDERED:**

Plaintiff's motion for appointment of counsel (doc. 6) is **DENIED AS MOOT** in light of this recommendation.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED without prejudice** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 1st day of July 2011.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M.  TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).